

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-20-00106-CR
_____

JOHN EDWARD BRITT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 74,439-D, Honorable Pamela C. Sirmon, Presiding

July 8, 2021

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, John Edward Britt, was charged with aggravated robbery,[1] enhanced by a prior felony conviction.[2] After a jury trial, the jury found appellant guilty. After a brief punishment hearing, the trial court found the enhancement allegation "true" and sentenced appellant to twenty years' confinement in the Texas Department of Criminal

---

[1] *See* TEX. PENAL CODE ANN. § 29.03(a)(2) (West 2019).

[2] *See* TEX. PENAL CODE ANN. § 12.42(c)(1) (West 2019).

Justice. From this judgment, appellant appealed. Appellant's counsel on appeal has filed a motion to withdraw supported by an *Anders*[3] brief. We grant counsel's motion and affirm the judgment of the trial court.

Counsel has certified that she has conducted a conscientious examination of the record and, in her opinion, the record reflects no reversible error upon which an appeal can be predicated. *Anders*, 386 U.S. at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, the record presents no reversible error. In a letter to appellant, counsel notified him of her motion to withdraw; provided him with a copy of the motion, *Anders* brief, and appellate record; and informed him of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised appellant of his right to file a pro se response to counsel's *Anders* brief. Appellant filed a response, which we have read. The State has not filed a brief.

By her *Anders* brief, counsel discusses areas in the record where reversible error may have occurred but concludes that the appeal is frivolous. We have independently examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support an appeal but, like counsel, we have found no such issues. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex.

---

[3] *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

Crim. App. 1969). Following our review of the appellate record and counsel's brief, we conclude there are no plausible grounds for appellate review.

Therefore, we grant counsel's motion to withdraw.[4] The judgment of the trial court is affirmed.

Judy C. Parker
Justice

Do not publish.

---

[4] Counsel shall, within five days after the opinion is handed down, send appellant a copy of the opinion and judgment, along with notification of appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n.33.